JONATHAN P. MILLER *v.* GURDEN HAMBLET.

WASHINGTON,
*July,*
1839.

Courts of law, by statute, have the power to fix the time, and foreclose the defendant's equity of redemption, only in those cases, where the conveyance is a technical mortgage, by deed, to be void upon condition, or with defeasance under seal.

EJECTMENT, to recover certain land in Worcester.

Judgment having been rendered in favor of the plaintiff, by the county court, the defendant filed a motion, setting forth, that this action was founded upon a quit claim deed from the defendant to the plaintiff of the land in question, dated Oct. 5, 1835, given to secure to the plaintiff a debt due him, from the defendant :—that at the time of the execution of said deed, the plaintiff executed and delivered to the defendant a writing which is as follows ;—

"This may certify, that I will quit claim a piece of land, "this day deeded to me by Gurden Hamblet, lying and "being in Worcester, when said Hamblet shall pay me what "he is owing me, and the interest on the same, and a rea- "sonable compensation for my trouble. This writing, how- "ever, is not to be construed in the nature of a mortgage.

"Oct. 5, 1835.  (Signed)  J. P. MILLER";—

That, the deed and writing, taken together, made the deed a mortgage of the land, to secure the debt which the defendant owed to the plaintiff, and praying said court that the sum in equity due to the plaintiff might be ascertained and that the defendant might be permitted to redeem the land on the payment of the sum due, and the costs of this suit, agreeably to the statute, &c.

The county court overruled the motion, upon the ground that the contract was not a *deed of mortgage,* or of *bargain and sale, with defeasance,* within the statute. To which decision, the defendant excepted.

*L. B. Peck,* for defendant.

*Miller & Heaton,* for plaintiff.

The opinion of the court was drawn up by

REDFIELD, J.—It is not necessary to inquire how far the

present case is one of an equitable mortgage. Doubtless it would be so considered in a court of equity. But whether it can be so far regarded in that light, at law, as to allow the defendant, in an action of ejectment, time to redeem, and thus, upon failure, foreclose his equity, must be determined upon the statute giving courts of law that power. The words of the act are " that in all cases brought to recover on the forfeiture of real estate, granted upon condition, *by deed of mortgage*, or *bargain and sale, with defeasance*," &c., this power shall exist. We think it manifest, from the terms of the statute, that the court have no such power given them at law, unless the conveyance was a technical mortgage, either by way of conveyance to be void on condition, or with defeasance under seal. That is not the present case. We think, therefore, the motion was correctly overruled, by the county court, and their judgment is affirmed.