Hon. MILO L. BENNETT,  
Hon. LUKE P. POLAND, } Assistant Judges.  
Hon. ASA O. ALDIS,

---

GILES HARRINGTON *v.* THOMAS DONALDSON AND HENRY L. CLARK.

*Ejectment. Mortgage. Chancery.*

In an action of ejectment the plaintiff claimed title by virtue of a deed to him from the defendant, containing a condition of defeasance, in case the latter should within one year put a good cellar under the house on the premises, finish the house in good style, and paint it white. On trial, the plaintiff proved a breach of this condition, and recovered judgment; *Held*, that the

provisions of the 38th chap. Comp. Stat., secs. 7 to 12 inclusive, relating to redemption by the defendant in ejectment upon a mortgage or deed with defeasance, did not apply to a case of this character, and that the defendant's only remedy from the forfeiture of the estate was to be obtained in a court of equity.

EJECTMENT for certain premises in Alburgh. Plea, the general issue, and trial by jury, at the February Term, 1857,—PECK, J., presiding.

The plaintiff proved the defendants in possession of the premises at the commencement of the action, and introduced in evidence, in support of his right to recover, a deed of the premises from the defendant Donaldson to the plaintiff, dated April 8th, 1854, in the form of a mortgage, with a condition of defeasance in case Donaldson, or his heirs or assigns, should pay to the plaintiff four promissory notes, dated April 8th, 1854, for one hundred dollars each, payable on the 1st of August, 1855, 1856, 1857 and 1858, respectively, all with interest annually, and should also put a good cellar under the frame on said premises, and finish off the house in good style, and paint it white within one year; and also conditioned that all additions to the house, and all out buildings on the premises should be well built, well underpinned and painted within six months after their erection.

This deed described the premises as having been on the same day deeded by the plaintiff to the defendant, and as lying adjoining to land on which the plaintiff resided.

The plaintiff introduced evidence tending to show a breach of all the conditions of the deed from Donaldson to him, and the defendants introduced evidence tending to prove the contrary.

The jury found a breach of the conditions of the deed by the defendants, in not putting a good cellar under the frame on the premises, and not finishing the house in good style and painting it white within one year, and returned a verdict for the plaintiff to recover the seizin and possession of the premises, and one cent damages and costs, and the court rendered judgment accordingly.

After judgment the defendants filed a motion for leave to redeem the premises upon payment of the sum equitably due the plaintiff thereon.

The plaintiff objected to granting this motion, and contended

that the condition broken was not such a one as gave a right of redemption of the premises at law. But the court overruled this objection and granted the motion to redeem, and continued the cause to ascertain the sum equitably due the plaintiff, to which the plaintiff excepted.

At the February Term, 1858, the cause came on again for trial upon the question of the amount equitably due the plaintiff, and was again tried by jury,—PIERPOINT. J., presiding.

The defendants admitted a breach of the condition relative to the payment of the notes described in Donaldson's deed to the plaintiff.

The plaintiff protested against any further trial of the case, contending that the former verdict and judgment were conclusive in his favor, and that the defendants had no right to redeem, which could be secured to them in this action under the statute.

But the court held otherwise, and testimony was received on both sides in regard to the damage to the plaintiff by reason of the breach of the conditions in the deed other than that relating to the payment of the notes, and under the charge of the court the jury returned a verdict for the plaintiff for the amount due on the notes, and for such damages as the plaintiff had sustained by reason of the breach of the other conditions in the deed. To the ruling of the court admitting any testimony in regard to the sum equitably due to the plaintiff on account of the breach of the conditions of the deed, the plaintiff excepted.

The plaintiff, *pro se.*

—— ——, for the defendants.

REDFIELD, Ch. J. This is an action of ejectment to recover possession of mortgaged premises. The deed was in form a technical mortgage as to the notes described in it, which we suppose to have been given for the price of the land or a portion of it. But the controversy in the case is in regard to the special terms of the condition whereby the mortgagor binds himself to put a good cellar under the frame for a house (his own house), and finish off the same in good style and paint it white within one year, and

that all additions to the house and out buildings upon the premises should be well built, well underpinned and well painted within six months after they were erected. The jury found specially a breach of this condition in regard to the cellar and finishing the frame, and painting it within one year. This will of course, by the terms of the deed, create a forfeiture of the estate.

The inquiry is, whether it is of that class of forfeitures which a court of law can restore upon payment of compensation. The terms of the statute allowing redemption at law are very specific; " when it shall appear that the plaintiff claims title to the premises by virtue of any deed of mortgage, or bargain and sale with defeasance." This must import that the plaintiff's title to the premises is by virtue of a technical mortgage, or a deed with defeasance. The legal effect of the two forms of conveyance is the same probably, and the right to redeem at law can not be extended by construction. The only question here is, whether this special condition can be said to be in the nature of a mortgage. It is certain that it is not what is understood in popular language by a mortgage, and equally certain that it comes within the more extended definition of a technical mortgage, as "a conditional conveyance of land designed as security for the payment of money, or *performance of some other act;*" 1 Hill. on Mort. 2, and cases cited. But taking the whole statute into account, it would seem that redemption at law was not meant to be extended beyond those cases where the condition of the mortgage, or the defeasance of the deed consisted in the payment of a debt, or something in the nature of a debt, the amount of which is capable of definite estimation. For the section following provides that the court shall " ascertain the sum equitably due," and decree the vacating of the judgment upon the " payment of the amount then due." These terms, payment and due, have no appropriate reference to the performance of a condition of the character of the one in this deed. This is not the performance of a duty to the plaintiff, nor one the failure to perform which may be compensated by a money equivalent. It seems more in the nature of a condition for the mutual advantage of the plaintiff and the defendant, and of the neighborhood generally. And it would therefore seem that it could not be compensated by a money equivalent to

Harrington *v.* Donaldson et al.

the parties interested, but must be done by a specific performance, although after the time. We think, therefore, that the defendants' only remedy is in a court of equity, to be let in to redeem upon specific performance, in a time limited by that court, and in default of such performance to the acceptance of the master or officer of the court appointed for that purpose, to be forever foreclosed of all equity.

The judgment of the county court then, in ascertaining the amount due in equity, is reversed, and judgment rendered upon the first verdict for the plaintiff, for the seizin and possession of the premises and costs.