## Luther W. Jacobs et al v. Burton Jewett et al

[162 A.2d 925]

May Term, 1960

Present: Hulburd, C. J., Holden, Barney and Smith, JJ.

Opinion Filed July 15, 1960

*John Mulvey* for the plaintiffs.

*Harry L. Goetz* for the defendants.

**Hulburd, C. J.** This case comes to us on stipulation. The questions raised on appeal have been agreed to. They arise from an instrument executed by the parties on August 7, 1954. In it the plaintiffs, as vendors, entered into what was called a "contract for a deed" with the defendants and others, as purchasers. Under the terms of this agreement, the vendors contracted to sell to the purchasers, who agreed to buy, certain described real estate and personal property, consisting of a farm and tools, for twelve thousand dollars, payable at a specified rate. The vendors agreed to make certain repairs on the premises, and also to buy twenty-five cows for the farm, the purchase

price of which was to be added to the twelve thousand dollars. The purchasers agreed to pay all taxes assessed on the property thereafter, to keep the buildings on the premises satisfactorily insured against loss by fire and to carry on the premises in a good husbandlike manner. When the purchasers had paid one-half the purchase price and observed the other obligations of the agreement, the vendors agreed "to forthwith execute and deliver to the purchasers a good and sufficient warranty deed of the land and premises," accompanied by a bill of sale for the personal property, and, at that time, the purchasers were to give a mortgage for the balance due. It was provided that if the purchasers for the space of thirty days failed to perform as they had agreed, the vendors might consider the "contract as forfeited and vacated" and might "enter in and upon said personal property (sic) as of their former estate therein." The instrument containing the agreement which we have just summarized was neither witnessed nor acknowledged. Thus it may be seen that, although the instrument in question did not purport to be a conveyance of any kind, had it been so intended—or intended as a bargain and sale—it did not meet the requirements therefor set forth in the statute. 27 V.S.A. §§341, 342.

The plaintiffs brought an action at law in ejectment against the defendants who were in possession of the farm in question. The defendants moved to have the cause transferred into equity. This was denied. The trial court's action on this motion is not one of the questions which the parties have stipulated that we are to consider. The case has moved to judgment below, and, as the record stands, it was following judgment—holding that the plaintiffs were the owners of the land in question and entitled to possession, along with the personalty—that the defendants claim they were the victims of error. The point for our decision arises as follows. After judgment for the plaintiffs on November 18, 1959, as stated, the defendants, on November 30, 1959, petitioned the lower court for a stay of execution under 12 V.S.A. §4767 which provides as follows:

"After judgment for the plaintiff in an action of ejectment, when it appears to the court that he claims title to the premises by a deed of mortgage, or bargain and sale with defeasance, the condition of which has not been performed, on application of the defendants, it shall order stay of execution thereon."

The defendants' petition under the statute just quoted is short. The body of it reads as follows:

"1.  The Plaintiffs in the above entitled matter have obtained judgment in this Court in an action of ejectment.

2.  The Plaintiffs' claim title to the premises in question by a bargain and sale with defeasance, the condition of which has not been performed by the Defendants.

WHEREFORE, Defendants pray for an Order staying execution on the aforesaid judgment pursuant to the Vermont Statutes, Revision of 1947, section 1987 (12 V.S.A. §4767)."

The defendants' petition for a stay was denied by the lower court.  This appeal is concerned solely with the propriety of this ruling. The defendants claim that "The contract in litigation falls within the purview of 12 V.S.A. §4767 as 'a bargain and sale with defeasance.' " This claim, though not without some standing in equity, cannot stand under the established construction of the statute in question.  The defendants argue that the instrument involved here is in the nature of an equitable mortgage such as is referred to in *Van Dyke* v. *Drew and Cole,* 81 Vt. 379, 396, 70 A. 593, 1103.  With this we agree.  The defendants go on to assume that, that being so, they are entitled to a stay of execution with an order from the court fixing the terms and period of redemption all as provided for in 12 V.S.A. §§4767-8.  The defendants apparently fail to recognize that the question is not one of a right to redeem but of the right to redeem in an action at law.  The right of redemption is something which is ordinarily enforced by a court of equity.  By the statute in question, the enforcement of this right was turned over to the law courts in actions of "ejectment on mortgage."  In the early case of *Miller* v. *Hamblet,* 1830, 11 Vt. 499, it was said, with reference to the statute under consideration, at page 500: "We think it manifest by the terms of the statute that the court have no such power given to them at law, unless the conveyance was a technical mortgage, either by way of conveyance to be void on condition or with defeasance under seal."  In other words, what this Court was saying is that no such authority was conferred in connection with actions at law with respect to equitable mortgages.  This is a natural construction even though it might seem to be a somewhat narrow one, but doubtless ascribed the true intent of the legislature

which enacted the statute. It is not for us to put new meaning into a statute over a hundred years old after its settled construction by a court in a better position to judge the legislature's intent than we are.

Following *Miller* v. *Hamblet, supra,* came *Olcott* v. *Dunklee,* 1844, 16 Vt. 478, in which the court reiterated what it said before, telling the defendant at p. 485 "—he must resort to a court of equity. He is not entitled to any redemption at law, under the statute." In *Harrington* v. *Donaldson and Clark,* 31 Vt. 535, the former cases are adhered to, the court saying at page 538 "—the right to redeem at law cannot be extended by construction."

We are satisfied that in the present case the defendants are not entitled, under the statute, to a right of redemption at law. His petition to this end was properly denied by the court below. No error, with respect to the questions stipulated for our consideration, appears.

*Affirmed.*