**In re Ulric TREMBLAY and Holly Tremblay, a partnership, Debtors.**

**Bankruptcy No. 82–281.**

United States Bankruptcy Court, D. Vermont.

March 16, 1983.

Joseph C. Palmisano, Barre, Vt., for debtors.

Peardon Donaghy, Barre, Vt., for Cashie Earl Lyons and Antoinette Lyons.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

## SUMMARY OF CASE

Ulric and Holly Tremblay, as a partnership, filed a petition for relief to reorganize under Chapter 11 of the Bankruptcy Code on December 20, 1982. On January 18, 1983, the Debtors filed an Application for an Order Permitting Debtor to Assume Executory Contract and to Set Further Terms. This application was made in regards to an agreement to purchase certain real property described in Schedule B–1 of the Debtors' petition. This property is specifically described as 45 acres of land, more or less, owned by Cashie Earl Lyons and Antoinette Lyons, being located in the Town of Washington, Vermont. An Order permitting such assumption was accordingly entered, and simultaneously an Order to Show Cause why the transaction of the execution of a mortgage deed from the Debtors-in-Possession to the Lyons and the execution of a warranty deed from the Lyons to the Debtors-in-Possession should not take place.

On February 8, 1983, a hearing was held on the Show Cause Order of January 18, 1983, at which time the Lyons filed their Opposition to Debtors Petition to Assume Executory Contract. The Lyons in making their opposition have raised the defense of the Statute of Frauds as incorporated in 12 V.S.A. § 181. Testimony and evidence was submitted by both parties, and it is on the basis of this that the Court now makes its findings of fact and conclusions of law.

## FINDINGS OF FACT

Around or about September of 1980, Ulric Tremblay approached Cashie Lyons to inquire about the purchase of 45 acres of pasture land located in the Town of Washington, Vermont. While making this inquiry, Ulric Tremblay and Cashie Lyons came to an oral agreement whereby Tremblay was to pay Lyons the sum of $18,000.00 for the purchase of the land. This sum was to be paid by way of installments over a period of three years with the principal bearing interest at the rate of 5% per annum. In coming to this agreement, the parties also decided that the Tremblays would be responsible for the payment of taxes on the parcel during the installment period.

Subsequently, the parties executed a writing to evidence the payments made in accordance with their 1980 agreement. This writing reflected a payment of

$1500.00 from Ulric Tremblay to Cashie Lyons on September of 1980; a payment of $1000.00 on October 8, 1980; and, a $300.00 payment for taxes on October 8, 1980. This writing was signed by both Ulric Tremblay and Cashie Lyons, and was admitted by both parties to be their written contract in accordance with the oral agreement reached in September 1980 for the sale of the 45 acre parcel.

Ulric Tremblay made additional payments toward the purchase price of the land as evidenced by a check drawn on the Granite Savings Bank and Trust Company of Barre, Vermont, for $2500.00 on September 13, 1980; and two subsequent payments in October and November 1981 for the amounts of $2500.00 and $317.00. These later payments were to be applied toward the principal and the taxes, respectfully. In 1982, the Debtors-in-Possession failed to make the installment payment toward the principal and confusion surrounded the payment of the taxes as a result of a misunderstood transaction concerning the purchase and sale of a lawn tractor and mower.

The Debtors-in-Possession have made total payments of $7500.00 toward the purchase price of the 45 acre parcel. The Debtors-in-Possession have also made payments in the total sum of $617.00 for the taxes on the land which was the subject of the agreement. The outstanding balance due and owing on the principal is $10,-500.00, plus the 5% interest accrued, as well as, the payment of 1982 and 1983 taxes. Under the agreement entered by the parties, these sums must be tendered on or before September 1983.

## LAW

■ Ulric Tremblay and Cashie Lyons have both testified that a written contract was executed by the parties for the sale of 45 acres, more or less, of pasture land located in the Town of Washington, Vermont. It is apparent to the Court that the contract the parties have entered lacks the polish and form as would be present if the agreement had been prepared with the assistance of legal counsel. However, the written document still evidences notation of the parties agreement for the purchase and sale of pasture land.

As required by 12 V.S.A. § 181(5), and recited in pertinent part:

An action at law shall not be brought in the following cases unless the promise, contract, or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith . . . (5) a contract for the sale of land, tenements or hereditaments, or of an interest in or concerning them . . .

In the instant case, the contract was for the sale of land, i.e. 45 acres of pasture land; the sale was evidenced by a note, i.e. Plaintiff's exhibit # 1; and, such note was signed by the party being charged therewith, being Cashie Lyons. As such, the Statute is satisfied, and the Court finds that the agreement is in the nature of a contract for deed in which the final obligation or installment was to become due in September 1983.

■ The doctrine of equitable mortgages applies to agreements denominated as a contract for deed. *Tremblay v. Dacres,* 135 Vt. 335, 339, 376 A.2d 753 (1977). As further stated in *Dacres:*

The prospective purchaser occupies the premises and makes the payments until the point of delivery of the deed and execution of the mortgage is reached. Since the payments are applied to the purchase obligation as they accumulate, an equity, though perhaps small, comes into being. It is this interest that is referred to as the equitable mortgage interest that requires foreclosure. *Aldrich v. Lincoln Land Corp.,* 130 Vt. 372, 294 A.2d 853 (1972), See also *Jacobs v. Jewett,* 122 Vt. 5, 7, 162 A.2d 925 (1960).

An analogous interest is present in the instant case, and that interest must be similarly foreclosed.

The Lyons are presently prevented from initiating or commencing such a foreclosure by the automatic stay provisions of the Bankruptcy Code. 11 U.S.C. § 362. This

stay will remain in effect until the earliest of the time that the case is closed; the time the case is dismissed; or when the discharge, if applicable, is granted or denied. 11 U.S.C. § 362(c)(2). However, if the Lyons choose to seek a course of action prior to any of the above, they must first seek and obtain relief from the stay as allowed by § 362(d). This relief has not yet been sought.

IT IS SO ORDERED.